UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DANIEL JOE BRADLEY,

Plaintiff,

v.                                                          CAUSE NO. 3:26-CV-21-PPS-JEM

MICHAEL A. CHRISTOFENO,
KATHLEAN L. CLAYS, and JANE JOE,

Defendants.

OPINION AND ORDER

Daniel Joe Bradley, a prisoner without a lawyer, filed a complaint against Judge

Michael A. Christofeno, Prosecuting Attorney Kathlean L. Clays, and Court Clerk Jane

Joe asserting they violated a number of his constitutional rights. ECF 1. "A document

filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully

pleaded, must be held to less stringent standards than formal pleadings drafted by

lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations

omitted). Nevertheless, under 28 U.S.C. § 1915A, I must review the merits of a prisoner

complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon

which relief may be granted, or seeks monetary relief against a defendant who is

immune from such relief.

Bradley asserts that, while he was housed at the Elkhart County Jail in 2025, he

sent his attorney a letter containing drill bits, which were allegedly material evidence

relevant to his criminal case. ECF 1 at 2. He states he made a notation on the jail's kiosk

indicating he was mailing his attorney a letter. *Id*. Somehow (and this is not clear from the complaint) the letter found its way to the Clerk's Office. *Id*. Bradley asserts the Court Clerk opened his letter and scanned a copy of it onto the jail's kiosk. *Id*. at 2, 4. He states the letter was also opened at the courthouse, copied, and later destroyed. *Id*. at 2. Given these events, Bradley contends that a number of his constitutional rights were violated and the attorney-client privilege was also implicated.

Under 42 U.S.C. § 1983, Bradley cannot sue the three defendants he has named in his complaint. He initially sues Judge Christofeno alleging he refused to hold a hearing on an attorney-client violation prior to his trial. ECF 1 at 3. However, Judge Christofeno is immune to suit because "[a] judge has absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction." *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). Because the doctrine of judicial immunity applies, Bradley cannot proceed against Judge Christofeno.

Bradley has also sued Prosecuting Attorney Clays. He asserts she read the letter he sent his attorney and lied about reading it during his trial, which resulted in an unfair trial and a twenty-six year sentence. ECF 1 at 2-3. Prosecuting Attorney Clays is immune from suit too because "[i]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Absolute immunity shields prosecutors even

2

if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence. *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003). Because the doctrine of prosecutorial immunity applies, Bradley cannot proceed against Prosecuting Attorney Clays.

Bradley has also sued the Court Clerk. He contends she violated his rights under the Fifth and Fourteenth Amendments when she opened the letter he sent his attorney and scanned it onto the jail's kiosk. ECF 1 at 4. The actions Bradley describes do not amount to a violation of either the Fifth Amendment or Fourteenth Amendment. At most, the Court Clerk's actions constitute negligence. A mistake or negligence is not enough to impose liability under section 1983. *See Hambright v. Kemper*, 705 F. App'x 461, 463 (7th Cir. 2017). Therefore, I will not permit him to proceed here.[1]

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). For the reasons previously explained, such is the case here.

---

[1] Here it does not appear that the Court Clerk is immune from prosecution because opening a letter and scanning it onto the jail's kiosk would likely be viewed as a non-discretionary, ministerial task. *Eades v. Sterlinske*, 810 F.2d 723, 726 (7th Cir. 1987) (court clerk entitled to absolute immunity when "performing nonroutine, discretionary acts akin to those performed by judges" as opposed to a "non-discretionary, ministerial task" such as the duty to type and send notice after entry of judgment).

Accordingly, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED.

ENTERED:  June 22, 2026.

　　　　　　　　　　　　　　/s/　Philip P. Simon
　　　　　　　　　　　　　　PHILIP P. SIMON, JUDGE
　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT